### BEN E. EARNEST v. MOLINE PLOW COMPANY.

#### No. 867.

1. **Intervenor—Interest in the Litigation.**—Suit by Moline Plow Company against Mathews upon his promissory note executed to Earnest and by him indorsed to Webb & Bro., agents of plaintiff, as collateral to secure a note made by him (Earnest) to the plaintiff through Webb & Bro., agents. Earnest intervened, alleging fraud by Webb & Bro. in the transaction, and failure of the consideration for his note, for

which the Mathews note in suit was collateral, asking that his note be cancelled, and for damages, and for judgment against Mathews on the note sued upon. *Held*, that Earnest had the right to intervene, and it was error to refuse him that right.

2. **Intervention.**—Earnest had the right to intervene in order to show that he did not owe the amount called for in his note to plaintiff, or to defeat it entirely. His interest is against that of defendant, and he should not be compelled to intrust to Mathews his defense against the plaintiff.

APPEAL from Burnet. Tried below before Hon. W. A. BLACKBURN. The opinion gives a sufficient statement.

*W. B. Abney* and *L. A. Hill*, for appellant.—The court erred in sustaining plaintiff's general exception to intervenor's second amended original answer, because said answer showed, and plaintiff's amended petition admits, that the intervenor has an interest in the subject matter of this suit, and sets up a cause of action entitling him to relief. Chitty's Plead., 547; Gould on Plead., chap. 9, sec. 22; Id., chap. 3, sec. 192; Pom. Rem. and Rem. Rights, secs. 137, 423–431; Ship Channel Co. v. Bruly, 45 Texas, 6; Roberts' Elements of Texas Pleading, chap. 73; 10 Wheat., 246; Hill v. George, 5 Texas, 87; Rev. Stats., art. 1188; Irvin v. Ellis, 76 Texas, 164; Brown v. Mitchell, 1 Texas U. C., 373; Smalley v. Taylor, 33 Texas, 668; Burditt v. Glasscock, 25 Texas Supp., 45; Pool v. Sanford, 52 Texas, 621.

*Sheeks & Sheeks*, for appellee.

COLLARD, ASSOCIATE JUSTICE.—The Moline Plow Company sued Eric Mathews upon a vendor's lien note for $960, executed by the latter to Ben E. Earnest, to which plaintiff claimed title as transferred to it to secure a note of Earnest to John A. Webb & Bro. for $490.95. Mathews made no defense. Earnest intervened upon several grounds, which the court below held not to be sufficient, and intervenor declining to amend, his plea was dismissed from the suit, and judgment was rendered for plaintiff against Mathews, foreclosing the lien, ordering the land sold, and requiring the proceeds to be paid to plaintiff to the amount of its debt due on the $490.95 note—$402.52—the balance, if any, to be paid to intervenor to satisfy his note for $960, which was $841, and any balance over to defendant, Mathews.

The intervenor set up facts substantially as follows: That he was desirous of purchasing lot 6 in block 1, in Johnson City, Blanco County, which was to sell at sheriff's sale in said county, and not having the funds to do so, arranged with John A. Webb, as agent of the Moline Plow Company, to purchase the lot, as follows: Webb gave intervenor a bank check signed by the Moline Plow Company on Austin for $400; at the same time intervenor gave to John A. Webb & Bro., as agents of the plow company, a receipt for the check, binding himself to purchase the lot in the name and for the Moline Plow Company, agreeing to purchase the lot from the company on or before

June 5, 1892, for the $490.95, with interest; and at the same time he executed his note for $490.95 to John A. Webb & Bro., as agents of the plow company, in payment of the lot, and to secure the same he delivered to John A. Webb & Bro. the Mathews note for $960 as collateral. It was also agreed, that if the lot sold for more than the $400, not to exceed $600, intervenor would pay the excess, which should be credited on his note for $490.95, but that the title to the lot should be taken in the name of the plow company, and that, if the intervenor should not purchase the lot, he would return the check, and they would return his note and the Mathews note; but if he should purchase the lot, John A. Webb & Bro. would convey the property to him (intervenor), they leading him to believe that they had power to make the deed for the company. Intervenor purchased the property for $561.25 with the check for $400, he himself paying the $161.25. The deed was made to the plow company, which was delivered to John A. Webb & Bro., agents of the plow company, who accepted and ratified intervenor's act. But on May 24, 1892, intervenor made a new contract with John A. Webb & Bro., as agents of the plow company, he to pay cash on the purchase price of the lot, $150, and the remainder, $348, on or before July 25, 1892; they, as agents of the plow company, to make him a deed to the lot; and intervenor did, on the 26th day of May, 1892, pay them, as such agents, the $150 cash, and John A. Webb executed the deed to the lot to intervenor as agent of the plow company. Intervenor here states that he, on July 26, 1892, contracted a sale of the lot to one McKean, the latter agreeing to pay the balance due on intervenor's note and give intervenor notes for the balances. That McKean did pay John A. Webb & Bro., as agents of the plow company, $350, the balance due in full on the lot, which was accepted by them as agents, and turned over to McKean intervenor's note for $490.95 and the Matthews note for $960. An attorney was instructed to draw a deed from the plow company to McKean, to be signed by John A. Webb, when, upon being asked if he had power to sign the deed for the plow company, he replied that he had no such power. Intervenor then demanded that John A. Webb & Bro. procure a release from the plow company, or get a power of attorney to make title from the plow company. This they have failed to do. After delay, this was not done, and McKean demanded the return of the $350 he had paid, which was done by John A. Webb & Bro., McKean at the same time returning to them intervenor's note and the Mathews note. Intervenor then brought suit in the District Court to cancel the whole transaction, the deed to him, the return of his note, and the Mathews note. Wherefore he says the consideration for his individual note has failed; that it was obtained from him by fraud and misrepresentation that John A. Webb & Bro. were agents of the plow company, when they were not. Allegations that the plow company are not innocent purchasers. That the company had no representative at Austin other than John A. Webb & Bro., and that the transfer of the

notes by them to the plaintiff was to defeat the Travis County Court of jurisdiction. That intervenor is ready to deed the land back to plaintiff if it will refund his purchase money—$311.25, and interest. Intervenor purchased the lot to resell, and thought he had a purchaser at the time he purchased, and relied upon the sale to McKean to reimburse him in the $311.25 he had paid out, and could not raise the balance due except by sale. Charges that John A. Webb & Bro. acted all the time in the purchase without authority from the plow company, and for this reason the latter would not make title to intervenor or McKean. He prays to rescind; that the deed by agents of the plow company to him be cancelled; that his note for $490.95 be cancelled, and that intervenor have judgment for the recovery of his note on Mathews for $960, judgment against the plow company for the $311.25 he has paid on the note, with interest, and for $500 punitory damages against the plow company for conspiring with Webb & Bro. in defrauding intervenor.

*Opinion.*—It can not be doubted that Earnest had the right to intervene in the suit. He was interested in the subject matter of the suit and in the judgment to be rendered. His right was such that he had an independent cause of action thereon against Mathews. His interest is admitted by plaintiff, and the judgment of the court undertook to enforce it even after his plea was dismissed. Pool v. Sanford, 52 Texas, 621; Nenney & White v. Schluter & Co., 62 Texas, 328; Cook v. Pollard, 70 Texas, 725; Johnson & Co. v. Heidenheimer, 65 Texas, 266.

The right to intervene would not be made to depend upon the fact that he was to be benefited by the judgment; he could intervene to prevent any detriment to his rights by the judgment. Earnest would be allowed to intervene to show, if he could, that he did not owe the amount called for in his note for $490.95, to show other credits than those admitted, or to defeat it entirely. He would be allowed to appear in court to make his own defenses against the note, and not be compelled to trust his defenses to his adversary. His interest in the judgment sought against Mathews would be measured by the amount he would be adjudged to be indebted on his individual note.

If it be true, as alleged by intervenor, that John A. Webb or John A. Webb & Bro. had no authority to reconvey to him the lot in Johnson City for the Moline Plow Company, and no power to execute the deed to him, and he obtained no title to the lot by the deed, the note given by him to them as part of the purchase price of the lot would be without consideration.

The plea alleges these facts, and that the Moline Plow Company had notice of them, and are therefore not innocent holders of the note and its collateral security. It is also shown that John A. Webb & Bro. could not—at least did not—obtain a release from the company to McKean to the lot to make good their deed to him (the intervenor), though

the balance of the purchase money due by him was paid to them by McKean. The trade failed because the agents could not make title. They admitted their inability to make title as agents of the company. In such case, the agents, to whom the note was payable, could not collect it, nor could the plaintiff, with notice of the facts, who sues as indorsee.

The intervenor made a complete and good answer to plaintiff's right to recover on the note in the form in which the suit was brought. Plaintiff's petition showed, that it was the indorsee or assignee of John A. Webb & Bro. for value. Intervenor shows, that John A. Webb & Bro. could not recover, and that plaintiff had notice of the facts that would prevent the recovery. Plaintiff did not sue as original owners of the note against Earnest, affirming the acts of John A. Webb & Bro., but as indorsee in due course of trade. If plaintiff can recover against these allegations, it must be by affirming the acts of John A. Webb & Bro. as its agents, and by performing, or offering to perform, the contract made by them as agents.

The pleadings subsequent to the intervenor's plea stricken out by the court can not be considered, those of plaintiff being in reply to the stricken out plea, to which intervenor answered by supplemental averments. Hence we can not discuss the issue that would have been made by plaintiff's offer to make deed to intervenor upon payment of the $350 and interest unpaid on his note. It may appear, when the issue is tried, that plaintiff is yet in a position to affirm the acts of John A. Webb and consummate the contract. We will not prejudge that question. Intervenor claims that plaintiff abandoned the contract, and the facts may show that it is not now in a position to affirm and perform it.

The court below evidently treated other pleadings subsequent to intervenor's plea styled "second amended original answer" as out of the case, as, in attempting to protect intervenor, it failed to adjudge the land to him upon payment of the balance found to be due on his note for $490.95.

The court erred in sustaining the demurrer to the plea styled "intervenor's second amended original answer," and dismissing the same, for which error the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered September 19, 1894.